UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                    )
CHRISTOPHER RENNA, on behalf of     )
himself and all others similarly situated,  )
                                    )
           Plaintiff,               )    Civil Action No.
                                    )
    v.                              )    **CLASS ACTION COMPLAINT**
                                    )
THE BLUE BUFFALO COMPANY, LTD.,     )    Jury Trial Demand
                                    )
           Defendant.               )    June 9, 2014
_____ )

Plaintiff, Christopher Renna ("Plaintiff"), by and through his attorneys, brings this action on behalf of himself and all others similarly situated who purchased pet food manufactured and marketed by Defendant, The Blue Buffalo Company Ltd. ("Blue Buffalo" or "Defendant"), and hereby alleges and states as follows:

## **INTRODUCTION**

1.  This is a class action against Blue Buffalo arising out of the marketing and sale of its pet food products ("Pet Food"). Defendant currently, and at all times relevant hereto, promoted its Pet Food by issuing several materially false claims concerning the ingredients in its Pet Food. Specifically, Defendant conveyed a clear representation to consumers, through its marketing, advertising, and labeling campaign, that its Pet Food does not contain certain undesirable ingredients.

2.  Through an extensive and consistent nationwide marketing and advertising campaign, Defendant explicitly represents "NO Chicken/Poultry By-Product Meals" are present in any of its Pet Food. In fact, Defendant "promises" that no such ingredients are included (Defendant's "True Blue Promise").

3. Defendant also represents that the Pet Food contains no corn, wheat, or soy and that there are no artificial preservatives, colors, or flavors present in its Pet Food. Like the poultry by-product meal mentioned in the preceding paragraph, Defendant derides these ingredients as inexpensive fillers that offer little or no nutritional value.[1]

4. Recent laboratory testing of Defendant's products, however, revealed that Blue Buffalo's Pet Food does include poultry by-products, as well as corn, wheat, and soy.

5. As alleged herein, Defendant's representations regarding the ingredients in its Pet Food are materially false, misleading, and deceptive to consumers. Moreover, they are blanketed all over its advertisements, product packaging, commercials, and internet website as part of a consistent, comprehensive and deceptive marketing campaign.

6. Plaintiff relied on Defendant's misleading representations when he purchased Blue Buffalo Wilderness Dog Food. Plaintiff and the Class and Subclass (defined below) paid a premium for the Pet Food over comparable pet food brands that do not advertise their pet food to be "chicken/poultry by-product meal" free.

7. Reliance on the misrepresentations led Plaintiff and other members of the Class to suffer economic loss by purchasing the Pet Food because they paid more than they would have for comparable pet food that also contains chicken/poultry by-product meal. In fact, Plaintiff and the Class members did not receive the benefit of the bargain and instead of receiving premium pet food - free of ingredients Defendant decried as substandard in rival pet foods - they received pet food that contains chicken/poultry by-product meal, and corn, wheat or soy.

---

[1] Specifically, Blue Buffalo's website states that corn, wheat, and soy proteins "[a]ll are **incomplete sources of protein that have been linked to allergic reactions** in some dogs. Grain proteins do not contain the complete amino acid profiles specific for dogs or cats and are not as easily digestible as meat-based proteins. Many pet food companies use glutens to increase protein levels without using more expensive meat, poultry or fish." *See* http://www.bluebuffalo.com/health/healthy-feeding (accessed June 5, 2014) (emphasis original).

8.      Reasonable consumers, such as Plaintiff and the other members of the Class and Subclass, do not have specialized knowledge or equipment to determine whether the actual ingredients in the Pet Food are inconsistent with Blue Buffalo's representations.  Rather, consumers necessarily and reasonably rely on Blue Buffalo's representations about its Pet Food.

9.      Defendant knows consumers are willing to pay a premium for pet food that does not contain certain undesirable ingredients, and that consumers reasonably rely on the representations made in Defendant's advertising and product labels.  In fact, Defendant invites consumers to compare the ingredients in its Pet Food with the ingredients in competing pet food products.

10.     The representations made by Defendant concerning the ingredients in its Pet Food are deceptive and misleading and are designed to induce consumers to buy the Pet Food.  Defendant knew, at the time it began selling the Pet Food, that it contained the aforementioned undesirable ingredients.

11.     This action seeks to provide relief and redress to consumers who have been harmed and misled by Defendant's advertising practices.  Defendant's conduct includes the systematic and ongoing practice of disseminating false and misleading information throughout the United States, including in New York, by way of ubiquitous, multi-media advertising and product labeling.

12.     Plaintiff asserts these claims on behalf of himself, the Class, and Subclass for violations of the New York General Business Law, breach of express warranty, promissory estoppel and unjust enrichment.

13. Through this action, Plaintiff seeks injunctive relief, actual damages, restitution, and/or disgorgement of profits, statutory damages, attorneys' fees, costs, and all other relief available to the Class as a result of Blue Buffalo's unlawful conduct.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and many members of the Class are citizens of a state different from Defendant.

15. Venue is proper in this Court pursuant to 28 U.S.C. § § 1391(a) and (b) because Defendant's headquarters are located in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

16. Plaintiff Christopher Renna is, and at all times relevant to this action has been, a resident and citizen of Kings County, New York. Plaintiff purchased the Pet Food in Brooklyn, New York, within Kings County, in reliance on Defendant's representations that the Pet Food did not contain "chicken/poultry by-product meal." This representation is material to Plaintiff's and a reasonable consumer's decision to purchase the Pet Food. Plaintiff was willing to purchase the Pet Food because of the representations that the Pet Food did not contain "chicken/poultry by-product meal." Indeed, Plaintiff would not have purchased the Pet Food, nor paid as much for the Pet Food, but for the Defendant's representation that the Pet Food was "chicken/poultry by-product meal" free. Thus, Defendant's misrepresentations about the quality of its Pet Food proximately caused Plaintiff's economic loss.

17. Defendant Blue Buffalo is a Delaware Corporation, with its principal place of business located at 444 Danbury Road, Wilton, Connecticut 06897. Blue Buffalo is in the business of manufacturing, marketing, advertising, and selling its Pet Food, as well as pet treats and other pet related products to individuals throughout the United States, including individuals in New York, such as Plaintiff and the Class.

## FACTUAL BACKGROUND

18. Plaintiff purchased Defendant's Pet Food, specifically the Wilderness/Natural Evolutionary Diet Duck Recipe, at both Petco and Boggie Doggie Supply stores within Brooklyn, New York. Plaintiff purchased the Defendant's Pet Food approximately once every month for the last year or more for his dog.

19. Plaintiff observed and reasonably relied on Defendant's material misrepresentations concerning the ingredients present in its Pet Food when making his purchases. This reliance was to Plaintiff's detriment, and Plaintiff would not have purchased the Pet Food had he been aware of the actual ingredients present in the Pet Food.

20. Defendant Blue Buffalo sells pet products for household pets (canines and felines) including, but not limited to, dry food, wet food, and treats. Defendant's marketing strategy and the value of its brand reputation are dependent upon the represented integrity of its ingredients and its promises to consumers that its products are nutritional and superior to other brands because its Pet Food purportedly does not contain "chicken/poultry by-product meals." Defendant also claims the Pet Food is free of corn, grains, and artificial preservatives.

21. Defendant's promotional strategy is specifically designed to capitalize on the trend among pet owners - often referred to now as "pet parents" - to treat their pets like members

of the family. Blue Buffalo's slogan is specifically directed at such "pet parents": "Love them like family. Feed them like family."

22. Blue Buffalo's slogan implies that its Pet Food is food grade. Yet these statements are materially false because products that contain ingredients such as chicken/poultry by-product meal are, in fact, *not* food grade.

> **Blue Buffalo Nutrition and Ingredient Philosophy**
>
> "Love them like family. Feed them like family."
>
> We love our pets, which is why everything we do always comes back to the idea that we think of them as family. Our goal is to create the healthiest foods possible—because a healthier dog or cat is a happier one, and a happier pet means a happier pet parent. That care and dedication goes into every bag we make.

Source: www.bluebuffalo.com/nutrition 5/23/2014

23. Defendant's misrepresentations also include the so-called "True BLUE Promise" that Blue Buffalo uses "Only the Finest Natural Ingredients." This promise is prominently displayed throughout all of Defendant's advertising and on its product labels.

## The True BLUE Promise

1. All BLUE dog and cat foods start with healthy recipes created by leading animal nutritionists and veterinarians.
2. We will source only the finest ingredients from a limited group of proven suppliers, with the best available inspection procedures and safety standards.
3. We will test all ingredients for quality and safety before, during and after the manufacturing process.
4. We will supplement our own quality assurance staff with independent inspection services to verify that our products are prepared according to the highest standards.
5. We will never stop working to deliver on our commitment to provide pet parents with the safest and most nutritious foods for our beloved dogs and cats.

Sincerely,

The Bishop and the Blue Buffalo Company Family

**TRUE BLUE PROMISE**
Only the Finest Natural Ingredients
- **REAL MEAT** First Ingredient
- **NO** Chicken or Poultry By-Product Meals
- **NO** Corn, Wheat or Soy
- **NO** Artificial Preservatives, Colors or Flavors

Source: www.bluebuffalo.com/news/true-blue-promise 5/23/2014

**TRUE BLUE PROMISE**
Only the Finest Natural Ingredients
- **REAL MEAT** First Ingredient
- **NO** Chicken/Poultry By-Product Meals
- **NO** Corn, Wheat or Soy
- **NO** Artificial Preservatives, Colors or Flavors

**BLUE uses only the finest natural ingredients and:**
- NO chicken (or poultry) by-product meals
- NO artificial flavors, colors, or preservatives
- NO corn, wheat or soy, as they have been linked to allergic reactions in some pets

Source: www.bluebuffalo.com/best-dog-food 5/23/2014



Source: Wilderness Blue Rocky Mountain Recipe
~ with Bison ~ and LifeSource Bits Adult product label

24.     Furthermore, in addition to Blue Buffalo's "family" and "promise" slogans, it invites consumers to utilize a comparison tool named "The True BLUE Test" on its website to evaluate how their current pet food measures up against Blue Buffalo's.  The test allows consumers to compare ingredients among pet food brands. One category is labeled "NEVER Has Chicken (or Poultry) By-Product Meals."  When a consumer's computer mouse hovers over this specific label a pop-up window appears:



Source: www.bluebuffalo.com/dog-food-comparison/test-results 5/23/2014

25.     Defendant's Pet Food also contains "LifeSource Bits," exclusively created for and by Blue Buffalo, that it represents as being "cold-formed" kibble that is comprised of essential "vitamins, minerals, and antioxidants" that provides a series of special health benefits for pets, which are present in each dry Pet Food product Defendant manufactures, including Defendant's "100% Grain Free" products.

## Defendant's Claims Are Proven False

26.     One of Defendant's competitors, Nestle Purina Petcare Company, hired an independent laboratory to investigate and test Blue Buffalo's Pet Food. The April 2014 investigation revealed that Blue Buffalo's core statements about its products' ingredients are

9

materially false.  May 11, 2014 First Amended Complaint, at ¶2 (Dkt. no. 9 in *Nestle Purina Petcare Company v. The Blue Buffalo Company LTD.*, Case No. 4:14-cv-00859 E.D. Mo).

27.     The independent laboratory testing revealed that chicken/poultry by-product meal was present in nearly all of the Blue Buffalo Pet Food tested.  Chicken/poultry by-product meal was found to be **25%** of the ingredients in one sample tested.  Furthermore, the investigation found chicken/poultry by-product meal is present in Defendant's "LifeSource Bits" (defined above) at a range between 0% and 11%.

28.     The independent laboratory also revealed the presence of rice and/or corn in Defendant's 100% Grain Free products and its LifeSource Bits.  Corn and/or rice is found in the Pet Food in one sample at 1% and in the LifeSource Bits in ranges between 1% and 3%.

29.     In addition, the independent laboratory found that Defendant's Pet Food that is labeled "100% Grain Free," which includes "LifeSource Bits," contains rice hulls as an ingredient.  The presence of rice hulls renders Defendant's statements that its products are "grain free" materially false and misleading.

30.     Defendant has a history of making deceptive claims relating to its Pet Food ingredients. In 2008, the National Advertising Division ("NAD") of Better Business Bureaus advised that Blue Buffalo "[should] discontinue its 'no animal by-products' claims when made in reference to pet foods containing fish meal, lamb meal, and/or liver."  (NAD Case #4892, decided July 11, 2008). Since that time, Defendant has merely shifted to the more specific misrepresentation that its Pet Food does not contain chicken or poultry by-product meals.

31.     Blue Buffalo charges a significant price premium for the Pet Food compared to its competitors.  Defendant is able to charge this premium due in large part to consumers' justifiable reliance on its false claims concerning the quality of the ingredients found in its Pet Food.

32. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class members did not receive the benefit of their bargain, and as such, suffered actual damages and/or economic losses.

## CLASS DEFINTION AND ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> All consumers who, within the applicable statute of limitations period, purchased the Pet Food.
>
> Excluded from the Class are Blue Buffalo, its affiliates, officers and directors.

34. Where applicable, Plaintiff also brings this action on behalf of himself and all other similarly situated individuals pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Subclass:

> All New York consumers who, within the applicable statute of limitations period, purchased the Pet Food.

35. The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Pet Food who have been damaged by Blue Buffalo's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

36. This action involves common questions of law and fact, which predominate over any questions affecting individual class members. These common legal and factual questions include, but are not limited to, the following:

> a. whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;

      b.   whether the alleged conduct constitutes violations of the laws asserted;

      c.   whether Blue Buffalo engaged in false or misleading advertising;

      d.   whether Plaintiff and Class or Subclass members have sustained monetary loss and the proper measure of that loss; and

      e.   whether Plaintiff and Class or Subclass members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

37.    Plaintiff's claims are typical of the claims of the members of the Class and Subclass, because, *inter alia*, all Class members were injured through the uniform misconduct described above, having been exposed to and misled by Blue Buffalo's false representations regarding the ingredients of its Pet Food. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class and Subclass.

38.    Plaintiff will fairly and adequately protect the interests of the Class and Subclass, has retained counsel experienced in complex consumer class action litigation, and intends to prosecute this action vigorously. Plaintiff has no interests that are adverse or antagonistic to those of the Class or Subclass.

39.    A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by the individual Class or Subclass members is relatively small compared to the burden and expense that would be entailed by individual litigation against Blue Buffalo. It would thus be virtually impossible for members of the Class or Subclass, on an individual basis, to obtain effective redress for the wrongs done to them. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts and would also increase the delay or expense to all parties and the courts. By contrast, the class action device provides the benefits of adjudicating these issues in a single proceeding, ensures economies of

scale and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

40. Plaintiff seeks injunctive and equitable relief on behalf of the entire Class, preventing Blue Buffalo from further engaging in the acts described and requiring Blue Buffalo to provide full restitution to Plaintiff and the Class and Subclass members.

41. Unless a Class and Subclass are certified, Blue Buffalo will retain monies received as a result of its conduct that were taken from Plaintiff and members of the Class and Subclass.  Unless a Class-wide injunction is issued, Blue Buffalo will continue to commit the violations alleged, and the members of the Class and Subclass, as well as potential future members of the Classes, will continue to be deceived.

42. Blue Buffalo has acted and refused to act on grounds generally applicable to the Class and Subclass, making appropriate final injunctive relief with respect to the Class and Subclass as a whole.

**FIRST CAUSE OF ACTION**
**(Violation of Section 349 of the New York General Business Law**
**On behalf of the New York Subclass)**

41. Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

42. Plaintiff brings this cause of action individually and on behalf of the other members of the New York Subclass.

43. Defendant has sold, and continues to sell, Pet Food within the State of New York and has sold, and continues to sell, Pet Food to New York State residents. Accordingly, Defendant is engaged in the conduct of business, trade, or commerce within the State of New York.

44. Defendant engaged in unlawful conduct under New York General Business Law § 349, by marketing the Pet Food in a manner that uniformly misrepresented the Pet Food's ingredients, and in fact, upon reasonable reliance of said marketing, induced Plaintiff and Class members to purchase the Pet Food, or to do so at a premium price.

45. Defendant also failed to disclose material facts regarding the Pet Food's ingredients as described herein.

46. Defendant's misrepresentations and omissions constitute an unconscionable commercial practice, deception, fraud, false promise, misrepresentation and/or the knowing concealment, suppression, or omissions in connection with the sale or advertisement of merchandise, in violation of § 349 of New York's General Business Law, which makes deceptive acts and practices illegal.

47. Plaintiff and the other members of the NY Subclass suffered an ascertainable loss directly, foreseeably and proximately caused by Defendant's misrepresentation and/or omissions because they were induced to purchase the Pet Food, or paid a price premium for it, due to the advertising, marketing, packaging, labeling and other promotion of the Pet Food products. Because of Defendant's misrepresentations and/or omissions, Plaintiff and the other members of the New York Subclass did not receive products with the attributes they believed they had purchased.

48. Plaintiff and the members of the New York Subclass suffered economic injury that is a direct result of Defendant's misrepresentations and omissions and they seek to put an end to Defendant's deceptive marketing of the Pet Food products and to provide Plaintiff and the members of the New York Subclass with monetary relief for Defendant's deceptive conduct. Plaintiff and the members of the NY Subclass also seek statutory damages.

## SECOND CAUSE OF ACTION
### (Violation of Section 350 of the New York General Business Law On behalf of the New York Subclass)

49. Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

50. Plaintiff brings this cause of action individually and on behalf of the other members of the NY Subclass.

51. Defendant materially misled consumers through its specific "True BLUE Promise" that, among other things, the Pet Food does not contain "chicken/poultry by-product meal."

52. Defendant also failed to disclose material facts regarding the true nature of the Pet Food as described herein.

53. Defendant's misleading actions are consumer-oriented conduct and constitute false advertising in violation of § 350 of New York's General Business Law, which makes false advertising illegal.

54. Plaintiff and the other members of the NY Subclass suffered injury as a result of Defendant's false advertising because they were induced to purchase, or paid a price premium, due to the misleading advertising, marketing, packaging, labeling and other promotion of Defendant's Pet Food. As a direct and proximate result of Defendant's false advertising, Plaintiff and the other members of the NY Subclass did not receive products they believed they had purchased and were injured as a result.

## THIRD CAUSE OF ACTION
### (Breach of Express Warranty)

55. Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

56. Plaintiff brings this cause of action individually and on behalf of the Class and the New York Subclass.

57. Defendant expressly warranted through advertisements, online marketing, and the product packaging and labeling, including its True Blue Promise, that Blue Buffalo Pet Food is "chicken/poultry by-product meal free."

58. Defendant's warranty was expressly disclosed to Plaintiff and Class members on the product packaging and in advertisements and promotional materials. In fact, Defendant actively promoted the premium nature of its ingredients and warranted that such premium ingredients distinguished its Pet Food from the allegedly inferior pet food sold by its competitors. Plaintiff and Class members purchased the Pet Food based upon the above said express warranties. Plaintiff and Class members relied on the truthfulness of the express warranties asserted by Defendant in deciding to purchase Defendant's Pet Food product.

59. Defendant expressly warranted its goods to the ultimate consumers and the express warranties were the basis of the bargain.

60. Defendant breached their express warranties by selling Pet Food that contains "chicken/poultry by-product meal," as well as corn, wheat and soy.

61. As a direct and proximate result of Defendant's breach of its express warranty, Plaintiff and the Class Members were injured because they would not have purchased Defendant's Pet Food at all, or would not have paid a premium price for it, had they known

Defendant's promises that its Pet Food did not contain "chicken/poultry by-product meal" or corn, wheat and soy were false.

## FOURTH CAUSE OF ACTION
**(Promissory Estoppel)**

62. Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

63. Plaintiff brings this cause of action individually and on behalf of the Class and the New York Subclass.

64. Defendant's website and Pet Food packaging bear the express, unambiguous "True BLUE Promise," that Pet Food is made from "only the finest natural ingredients," uses "**REAL MEAT**" as the first ingredient, and contains "**NO** Chicken or Poultry By-Product Meals," "**NO** Corn, Wheat or Soy," and "**NO** Artificial Preservatives, Colors or Flavors." (emphasis in original).

65. Defendant's usage of this "True BLUE Promise" in advertising and packaging material indicates it clearly expected consumers to rely upon the promise when selecting between its Pet Food and competing products. Defendant's website features a "True BLUE Test," enabling consumers to compare its Pet Food with competing products. The "test" states Defendant's pet food "NEVER Has Chicken (or Poultry) By-Product Meals." (emphasis in original). Accordingly, Defendant expected and encouraged consumers to rely upon this promise when selecting pet food.

66. Plaintiff and Members of the Class and New York Subclass have no mechanism to assess the contents of Pet Food themselves and, therefore, necessarily relied upon Defendant's promise. As a result of consumers' inability to independently evaluate the Pet Food's ingredients, their reliance upon Defendant's "True BLUE Promise" is reasonable.

67. As a result of Defendant's promise, Plaintiff and Members of the Class and New York Subclass were induced to pay a price premium for Defendant's products over the price charged for products that do not come with a no-chicken-meal promise.

68. It would be unjust to fail to enforce Defendant's promise, as it was clearly Defendant's intent for consumers to rely upon it and Defendant unjustly profited by inducing consumers to pay a price premium.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

69. Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

70. Plaintiff brings this cause of action individually and on behalf of the Class and the New York Subclass.

71. Defendant has received a benefit from Plaintiff and members of the Class and Subclass in the form of payment for Pet Food.

72. In exchange for that benefit, Defendant was supposed to provide Plaintiff and members of the Class and Subclass with Pet Food possessing the attributes as promised, specifically, Pet Food that was free from "chicken/poultry by-product meal," corn, wheat or soy. Defendant, however, has not provided Pet Food with the promised attributes and has instead provided an inferior product.

73. It would be unjust, against equity and good conscience, for Defendant to retain this benefit, as it has obtained the benefit unlawfully by deceiving consumers and failing to provide Pet Food that was free from "chicken/poultry by-product meal," corn, wheat or soy, as represented and advertised.

74. Accordingly, Plaintiff, on his own behalf and on behalf of the Class and Subclass, seeks restitution and/or disgorgement of the benefit conferred by Plaintiff and members of the Class and Subclass upon Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment:

1. Certifying the Class and Subclass as requested herein;

2. Awarding the Plaintiff and proposed Class and Subclass members damages;

3. Awarding restitution and disgorgement of Blue Buffalo's revenues to Plaintiff and the proposed Class and Subclass members;

4. Awarding injunctive relief as permitted by law or equity, including enjoining:

    a. Blue Buffalo from continuing the unlawful practices as set forth herein, and directing Blue Buffalo to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay; and

    b. Ordering Blue Buffalo to engage in a corrective advertising campaign;

5. Awarding statutory and punitive damages, as appropriate;

6. Awarding attorneys' fees and costs; and

7. Providing such further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

                    Respectfully submitted,

                    THE PLAINTIFF

                    /s/ Patrick A. Klingman
                    Patrick A. Klingman (ct17813)
                    KLINGMAN LAW, LLC
                    196 Trumbull Street  Suite 510
                    Hartford, CT  06103-2207
                    (860) 256-6120
                    pak@klingmanlaw.com

                    Brian Douglas Penny
                    Douglas Bench
                    GOLDMAN SCARLATO KARON & PENNY, P.C.
                    101 East Lancaster Avenue, Suite 204
                    Wayne, PA  19087
                    (484) 342-0700
                    penny@gskplaw.com
                    dbench@gskplaw.com

                    John Zaremba
                    ZAREMBA BROWNELL & Brown, PLLC
                    40 Wall Street
                    New York, NY  10005
                    (212) 400-7224
                    jzaremba@zbblaw.com

                    *Attorneys for Plaintiff*